Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
DAVID MESSNER

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| DAVID MESSNER, <br><br> Plaintiff, <br><br> vs. <br><br> IC SYSTEMS, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

**COMPLAINT**

DAVID MESSNER (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against IC SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the city of Phoenix, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Saint Paul, Minnesota.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

COMPLAINT

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged debt owed to Chase Bank.

12. Defendant constantly and continuously places collection calls from the following numbers:
    a. 651-204-1371
    b. 703-656-9977
    c. 208-991-1258
    d. 866-903-1001

13. Defendant placed approximately three (3) collection calls every day seeking and demanding payment.

14. Defendant constantly and continuously contacted a third party, Plaintiff's elderly parents, seeking and demanding information concerning Plaintiff.

15. Plaintiff requested on multiple occasions that Defendant cease placing collection calls to Plaintiff's parents, however the calls continue.

16. Defendant failed to properly identify itself as a debt collector when contacting Plaintiff and failed to state that any information would be used for that purpose.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:
    a. Defendant Violated *§1692b(3)* of the FDCPA by contacting a third party more than once.
    b. Defendant Violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    c. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

    e. Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer.

    f. Defendant violated *§1692e(11)* of the FDCPA by contacting Plaintiff and failing to state that they are a debt collector and any information will be used for that purpose.

    g. Defendant violated *§1692f* of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

WHEREFORE, Plaintiff, DAVID MESSNER, respectfully requests judgment be entered against Defendant, IC SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID MESSNER, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

Dated: March 22, 2010          By:/s/Ryan Lee
                               Ryan Lee, Esq.
                               KROHN & MOSS, LTD.
                               Attorneys for Plaintiff

COMPLAINT

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ARIZONA

Plaintiff, DAVID MESSNER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAVID MESSNER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3/20/10

_____
DAVID MESSNER

**EXHIBIT A**

- 6 -

COMPLAINT